# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PETTAWAY, | Case No. 1:18-CV-285 |
| Plaintiff | |
| vs. | United States District Judge |
| | Susan Paradise Baxter |
| MS. SMOCK, et al, | |
| Defendants. | |

## MEMORANDUM OPINION

Plaintiff, acting pro se, commenced this civil rights action on September 20, 2018. Over the past five months, this Court has directed Plaintiff to submit a USM-285 form for the Commonwealth of Pennsylvania so that the U.S. Marshal may accomplish service. Plaintiff has been warned that his failure to do so could result in the dismissal of the Commonwealth as a Defendant to this action. Plaintiff has failed to comply.

This Court must use a six-factor balancing test to determine whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The factors include: 1) the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, dismissal is appropriate. Plaintiff has ignored multiple direct orders from this Court regarding the USM-285 forms. Plaintiff's non-compliance in this regard is willful as he has been given opportunities to respond and has been given ample time to do so. Without the completed USM-285 form, the U.S. Marshal cannot serve this Defendant. Plaintiff is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of her claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Plaintiff's allegations may state a claim upon which relief could be granted, the merits of the claim against this Defendant are impossible to determine at this early stage of the proceedings. Accordingly, the Commonwealth of Pennsylvania will be dismissed due to Plaintiff's failure to prosecute.

An appropriate Order follows.