IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE PETTAWAY, | ) | |
|     Plaintiff, | ) | Civil Action No. 18-285E |
| | ) | |
| v. | ) | |
| | ) | |
| MS. SMOCK, et al., | ) | Re: Motion for summary judgment |
|     Defendants. | ) | ECF No. 34 |

**MEMORANDUM OPINION**

District Judge Susan Paradise Baxter

## I. Introduction

Plaintiff Wayne Pettaway, currently incarcerated within the State Correctional System of Pennsylvania, presented this civil rights case against Healthcare Administrator Ms. Jeri Smock. Plaintiff alleges that Ms. Smock denied and is continuing to deny him medical treatment for Hepatitis C. ECF No. 7, page 2. As relief, Plaintiff seeks only medical "treatment as soon as possible." *Id.* at 3.

Presently pending before this Court is a motion for summary judgment filed by Defendant. ECF No. 34. Plaintiff opposes the motion. ECF No. 40. The motion is ripe for disposition.

## II. Standard of Review

Federal Rule of Civil Procedure 56(a) provides that summary judgment must be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is

1

entitled to judgment as a matter of law." When applying this standard, the court must examine the record and reasonable inferences from it in the light most favorable to the party opposing summary judgment. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The moving party has the initial burden of proving to the district court the lack of evidence supporting the non-moving party's claims. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); *Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Fed. R. Civ. P. 56(e). The non-moving party must go beyond the pleadings and show specific facts by affidavit or by information in the filed documents (i.e., depositions, answers to interrogatories and admissions) to meet his burden of proving elements essential to his claim. *Celotex*, 477 U.S. at 322.

### III.     Analysis and Discussion

In support of the motion for summary judgment, the government has provided evidence that Ms. Smock has no authority to grant Plaintiff the relief he seeks. As Health Care Administrator at SCI Albion, Ms. Smock cannot prescribe or administer DAADs for inmates with Hepatitis C. *See* ECF No. 37-4, Declaration of Jeri Smock, page 2. Plaintiff has provided no evidence to the contrary as is his burden in the face of a well-supported motion for summary judgment. In fact, Plaintiff's Response, which is more a collection of letters or complaints to prison staff than an opposition brief, supports the evidence provided by Defendant. One of the documents is an Informal Request to Staff requesting medical treatment for Hepatitis C and the

Response from Clinical Director Dr. Robert Maxa indicates that all Hepatitis C treatment is directed by Central Office and not by local medical departments. ECF No. 40-1, page 1.

The motion for summary judgment will be granted in favor of Ms. Smock. *Celotex*, 477 U.S. at 322.

An appropriate Order follows.[1]

---

[1] The government has also provided evidence that since the filing of this action, the Settlement Agreement approved by a district court in the class action styled as *Chimkent v. PADOC*, (C.A. No. 15-3333 (E.D. Pa)) applies to Plaintiff. ECF No. 37-1, pages 1-29; ECF No. 37-2. The Settlement Agreement provides for a change in the treatment protocols for inmates with chronic Hepatitis C. Inmates are prioritized for treatment with DAADs based on the severity of their disease (fibrosis score) as measured by an APRI score and fibrosure test. ECF No. 37-1. Plaintiff has failed to point to any evidence to the contrary.